BOARDMAN, Judge.
On August 17, 1972, appellants filed in the trial court their petition for writ of certiorari to review two separate orders of the Board of Adjustment of the City of Tampa.
The first order had been rendered by the board on July 18, 1972, and the second order was rendered on August 10, 1972. Jurisdictional review from adverse decisions of the Board of Adjustment is authorized in the same manner as set out in Florida Statutes, Section 176.16, F.S.A. Tampa Code, § 43-80. The petition, when filed, was not verified by any of the petitioners. At a hearing held on September 28, 1972, petitioners proffered an affidavit which should have had the effect of verifying the petition. However, the trial court dismissed the petition on the ground that the petitioners had failed to file a “duly verified” petition within 30 days of rendition of the board’s orders as provided by FAR 4.5(c) 1, 32 F.S.A., and Florida Statutes, Section 176.16, F.S.A.[1] Appellants took a timely appeal from the trial court’s order dismissing the petition.
The precise point for our determination is whether the failure of appellants to duly verify the petition is a jurisdictional defect. It was so regarded by the trial judge. We have very carefully examined the record, studied the briefs, heard oral arguments of the respective parties, and we are unable to ascertain from the record wherein the appellees have been prejudiced, inconvenienced or misled, in any manner whatsoever, due to the lack of verification of the said petition. Section 25.-371, Florida Statutes, 1A F.S.A., provides:
“When a rule is adbpted by the supreme court concerning practice and procedure, and such rule conflicts with a statute, the rule supersedes the statutory provision.”
Rule 1.030 RCP, 30 F.S.A., authorizes every pleading and other paper of a person represented by an attorney be signed by an attorney. The petition in the case sub jud-ice was signed by one of the parties who is a highly regarded member of The Florida Bar. We might also include here the fact that petitions for writs of certiorari in all other instances may be filed without the necessity of verification.
*294 Our interpretation and construction of the applicable statutory provision and rule aforesaid, in the light of the question presented, leads us to the conclusion that the failure to duly verify the petition for writ of certiorari is not a jurisdictional defect; but, on the contrary, should be treated as a matter of practice and procedure.
We respectfully submit that for the reasons above stated, the dismissal, at this stage of the case, was erroneous. The order of the trial judge is, therefore, reversed and the case remanded for further proceedings consistent with this opinion.
Reversed and remanded.
MANN, C. J., and LILES, J, concur.

. Florida Statutes, Section 176.16, F.S.A., in relevant part reads:
“ . . . Any person or persons, jointly or severally, aggrieved by any decision of the board of adjustment . . . may present to a circuit court a petition for issuance of a writ of certiorari, duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality in the manner and within the time provided by the Florida appellate rules.”